UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

In re:                                                    *

  STEPHANIE LYNN STEIN                    *      Case No. 21-13468-MMH

                                                               *              Chapter 13

          Debtor(s)                                *

*       *       *                    *       *       *       *

**LINE REGARDING
COMPLETION OF PAYMENTS**

     Brian A. Tucci, Chapter 13 Trustee, states that the debtor(s) have completed the plan payments which were to be paid to the Trustee under the confirmed plan in this case.

     **DEBTOR(S):  IT IS IMPORTANT THAT YOU CAREFULLY READ THE ATTACHED NOTICE REGARDING ADDITIONAL REQUIREMENTS FOR ENTRY OF YOUR DISCHARGE.**

Date:   January 10, 2024                            /s/ *Brian A. Tucci*
                                                            Brian A. Tucci, Chapter 13 Trustee
                                                            PO Box 1110
                                                            Millersville, MD 21108
                                                           (410) 825-5923

**CERTIFICATE OF SERVICE**

     I hereby certify that on the January 10, 2024, I reviewed the Court's CM/ECF system and it reports that an electronic copy of this Line including the attached notice will be served electronically by the Court's CM/ECF system on the following:

    Edward C. Christman christman-fascetta@bankruptcymd.com

    Andrew Leonard Spivack andrew.spivack@brockandscott.com,
wbecf@brockandscott.com

     I hereby certify that on the January 10, 2024, a copy of this Line including the attached notice was also mailed first class mail, postage prepaid to:

    STEPHANIE LYNN STEIN
    1737 YAKONA ROAD
    PARKVILLE, MD 21234

                                                            /s/ *Brian A. Tucci*
                                                             Brian A. Tucci, Trustee

## NOTICE REGARDING ENTRY OF DISCHARGE

Congratulations on completing the payments due under your Chapter 13 plan. However, there are additional steps that you must complete before the Bankruptcy Court can enter a discharge in your case. Most critically, you must file an Affidavit Requesting Discharge as required by Local Bankruptcy Rule 4008-1. In addition to filing this Affidavit with the Court, you must serve a copy of it on the Chapter 13 Trustee and all creditors in the case.

The Affidavit Requesting Discharge must comply with Local Bankruptcy Form P. Some of the information and facts that you must certify in this Affidavit are complex. You should work closely with your attorney to properly complete and file the Affidavit Requesting Discharge. If you do not currently have an attorney, we encourage you to consult an experienced Chapter 13 attorney to assist you with understanding the certifications that you must provide to the Court.

Among the matters covered in the Affidavit Requesting Discharge is your verification that you have completed an instructional course in personal financial management.[1] If you have not yet completed this required "debtor education" class, it is critical that you make arrangements promptly to fulfill this condition for your discharge. You can obtain a list of currently approved providers of this instruction from the United States Trustee's web site: http://www.usdoj.gov/ust/eo/bapcpa/ccde/index.htm.

If you have an obligation to pay alimony, child support or other domestic support obligation ("DSO"), you will need to be able to certify that you are current at this time with all payments due under that obligation in order to qualify for your discharge. If payments were made under your plan on pre-petition arrears on the DSO, and you need a list of plan disbursements in order to complete your Affidavit, please let us know and we will forward a list of disbursements to you.

**THE DEADLINE FOR FILING YOUR AFFIDAVIT REQUESTING DISCHARGE IS 90 DAYS FROM THE DATE OF THIS LINE AND NOTICE. If you do not timely file and serve the Affidavit, the Bankruptcy Court may close your case without entering a discharge.**

*Please note: It may be that there has already been a finding that you are not eligible for a discharge. If that is the case, the information in this notice does not apply to you.*

---

[1] The required personal financial management course is separate from the credit counseling briefing you obtained prior to filing your petition.